As the majority correctly points out, Jack Wesley Tice was convicted and sentenced to "three consecutive ten-year terms of imprisonment." (Emphasis added.) "Consecutive" means "one right after the other," Webster's Third New International Dictionary (Unabridged). Therefore, Tice was actually sentenced to thirty years of imprisonment. The majority treats the "consecutive" sentences as being duplicative. What would the Court hold had the original sentence had read: "10 years on Count I, 5 years on Count II, and 2 years on Count III, the sentences to run consecutively"? Which sentence would be "duplicative"? The question answers itself. The trial judge intended a total sentence of 17 years. Here, the trial court obviously, by using the term "consecutive," meant to impose a 30-year sentence.
I agree that under Vogel, the three sentences cannot stand, and each of them is illegal; therefore, at resentencing the trial court could impose a sentence in excess of 10 years, but no more than allowed by law for the possession of a controlled substance. Only if the defendant could have been and was sentenced to more than 30 years at his resentencing would the principle of North Carolina v. Pearce come into play.
TORBERT, C.J., concurs.